[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs institute the present action to recover damages arising out of the conduct of the defendant with respect to the solicitation of investments in a limited partnership. The amended complaint contains nine counts asserting various claims not involved in the present motions to strike including claims of false representations; negligence, misuse of funds; fraud; Federal Securities Act violations; Federal Securities Exchange Act violations and Connecticut Uniform Securities Act violations.
In the Fifth Count of the complaint, the plaintiffs purport to set forth a cause of action based upon a violation of Connecticut's Unfair Trade Practices Act, General Statutes 42-110a et seq. The defendant, Anthony Ceci, ("Ceci") has moved to strike the Fifth Count of the complaint asserting that our Supreme Court has determined that CUPTA does not apply to transactions for the purchase and sale of securities. Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172, 175-184 (1986). The plaintiffs claim that it "is not entirely clear that this action necessarily involves a securities "fraud" and that they have brought a lawsuit "which may involve the sale of a security." The conduct alleged by the plaintiffs facially alleges conduct relating to the purchase and sale of securities. If the plaintiffs have a cause of action under CUPTA which does not involve the purchase and sale of securities then that conduct should be specifically alleged. Accordingly, the Motion to Strike the Fifth Count of the complaint is granted.
The Sixth Count of the complaint alleges a cause of action for a violation of the Racketeer influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. § 1961 et seq. The Sixth Count includes factual allegations previously made and then appends thereto conclusatory language intended to bring this claim within the ambit of the RICO Statute. By a separate Motion to Strike, dated and filed on the same day of the Motion to Strike the Fifth Count, the defendant Ceci has moved to strike the Sixth Count asserting a lack of specificity with respect to the statutory requirements for the assertion of a RICO claim. The assertion of a RICO claim should require more than a conclusatory allegation. See such cases as Feinstein v. Resolution Trust Corp, 942 F.2d 34 (1st Cir. 1991); Waldo v. North American Van Lines, Inc., 102 F.R.D. 807
(W.D. Penn. 1984). If the plaintiff has a RICO claim, such a claim should be asserted with a greater degree of specificity then presently contained in the Sixth Count.
Accordingly, the Motion to Strike the Sixth Count is hereby CT Page 6215 granted.
RUSH, J.